# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| PAUL BENJAMIN JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV616-076 |
| ) | CR609-036 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Paul Jones moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 38.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

## I. BACKGROUND

On June 23, 2009, Jones pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 29 (change of plea); 35 (judgment, entered October 15, 2009). His Presentence Investigation Report (PSR)

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

deemed him an armed career criminal under the Armed Career Criminal Act (ACCA) based on *five* prior convictions for burglary. *See* PSR ¶¶ 22. The Court ultimately sentenced him to 210 months' imprisonment, at the top of the applicable, 168-210 month Sentencing Guidelines range. PSR ¶ 64. Because he never appealed, Jones' conviction became final on October 29, 2009. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Jones filed the present § 2255 motion over six years later. Doc. 38 (filed June 20, 2016). He argues that under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and thus is serving a sentence beyond the applicable statutory maximum. Doc. 38 at 4. He premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 38 at 11.

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain

vanilla felon-in-possession convictions bring a maximum 10 year sentence, see 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSR makes clear, Jones' enhancement came because of five burglaries, all of which involved private residences. *See* PSR ¶¶ 22, 30-31, 33-35.[2] Because the Georgia burglary statute in effect at the time of each of those convictions also was divisible,[3] all five qualify as predicate offenses under the enumerated clause, *not* the residual clause. *Fail*, 2016 WL 1658594 at * 3-4 (analyzing Georgia's burglary statute under *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), and concluding that residential burglaries qualify as ACCA predicates under the enumerated clause).

It follows that Jones cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction

---

[2] "In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard* [*v. United States*, 544 U.S. 13, 16 (2005)]-approved documents and any undisputed facts in the [PSR]. *See United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)." *In re Hires*, ___ F.3d ___, 2016 WL 3342668 at * 4 (11th Cir. June 15, 2016).

[3] A statute is "divisible" if it "sets out one or more elements of the offense in the alternative -- for example, stating that burglary involves entry into a building or an automobile." *Descamps*, 133 S. Ct. at 2281. "[I]ndivisible" statutes, by contrast, contain "a single, indivisible set of elements." *Id.* at 2282. Georgia's burglary statute is divisible because, although it encompasses unlawful entry into non-residential structures (and is thus non-generic), "it sets out alternative ways to commit the crime." *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 23, 2016).

4

became final (October 29, 2009). It ran out on October 29, 2010 (he never appealed or sought post-conviction relief before now), so his motion is untimely.[4]

Accordingly, Jones' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal in forma pauperis therefore is moot.

**SO REPORTED AND RECOMMENDED**, this  22nd  day of June, 2016.

<br>

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Jones invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.